**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILFREDO SANTOS CAMACHO,<br><br>    Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>    Respondent. | No. 19-70573<br><br>Agency No. A088-722-031<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 21, 2021[**]

Before: SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

 Wilfredo Santos Camacho, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for deferral of removal under

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in Santos Camacho's testimony as to the circumstances of his cousin's murder and which family members reside in Mexico, and inconsistencies between his testimony and documentary evidence as to his entries to and departures from the United States. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under "the totality of the circumstances"). Santos Camacho's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

Substantial evidence also supports the agency's denial of Santos Camacho's CAT claim because it was based on the same testimony the agency found not credible, and Santos Camacho does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**